## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 01 2018, 6:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| R. Patrick Magrath | Mary Jean Stotts |
| Alcorn Sage Schwartz & Magrath, LLP | Joas & Stotts |
| Madison, Indiana | Madison, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Ed McCarthy, *Appellant-Plaintiff,* | August 1, 2018 |
| | Court of Appeals Case No. 39A01-1711-PL-2717 |
| v. | Appeal from the Jefferson Superior Court |
| Tim (John) Ralston, *Appellee-Defendant.* | The Honorable Michael J. Hensley, Judge |
| | Trial Court Cause No. 39D01-1604-PL-311 |

**Shepard, Senior Judge.**

[1] The trial court divided equally between Appellant Ed McCarthy and Appellee Tim Ralston all the equipment related to their business venture. Concluding the trial court's judgment is not in error, we affirm.

# Facts and Procedural History

[2] At the time of the events relevant to this lawsuit, McCarthy lived in Hoboken, New Jersey. In 1990, he began making and selling a variety of food sauces and incorporated his business under the name of "Hoboken Eddie's." In 1996, McCarthy met Ralston, who is from Madison, Indiana, at a food fair in Hoboken.

[3] In an effort to expand his sauce production and distribution business, McCarthy set up a sauce making operation the following year at "Venture Out Business Center," a small business incubator in Madison. Up to this point, McCarthy had been growing peppers for his sauces at his farm in New York, but Ralston agreed to grow peppers in Indiana as well.

[4] For the next several years, both men contributed to the business venture of growing peppers and making sauce. Ralston even purchased a building in Hanover which he began to renovate so that it could be used to make the sauces.

[5] However, the relationship deteriorated, and in September of 2015, McCarthy filed a series of three small claims actions against Ralston claiming the seizure of business and personal property, misappropriation of funds, breach of contract, and destruction of property. In response, Ralston filed three counterclaims. In March and April of 2016, the claims were consolidated and transferred to the court's plenary docket.

[6] In September 2016, McCarthy filed a complaint under the plenary cause number requesting return of all his property as well as reimbursement for lost revenue and for the value of destroyed pepper plants. Ralston counterclaimed for reimbursement for the purchase of pepper plants, for the cost of the labor force, for the cost of production items and for the cost of the building renovation, payment of sales earnings, and payment for his labor. The court conducted a bench trial on the parties' claims and entered judgment of $0 for both parties, stating that their claims "cancel each other out." Appellant's Appendix Vol. 2, p. 126. The trial court further ordered McCarthy to retrieve the mobile restaurant from Ralston's property and for the parties to divide evenly the remaining equipment, with Ralston retaining the building in Hanover. McCarthy now appeals.[1]

## Issue

[7] McCarthy presents two issues, which we consolidate and restate as: whether the trial court erred in failing to award monetary damages to McCarthy and by awarding the parties an equal division of the equipment.

## Discussion and Decision

[8] McCarthy had the burden of proof at trial and now appeals from a negative judgment; therefore, he may prevail on appeal only upon establishing that the

---

[1] In his reply brief, McCarthy requests the Court to strike certain material from the record in this case. We grant this request.

judgment is contrary to law. *See Estate of Kappel v. Kappel*, 979 N.E.2d 642 (Ind. Ct. App. 2012). A judgment is contrary to law when the evidence is without conflict and leads to but one conclusion, which the trial court did not reach. *Id.* In evaluating McCarthy's appeal, we neither reweigh the evidence nor judge the credibility of the witnesses, and we consider only the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.*

[9] The trial court determined the parties' monetary claims canceled each other out and awarded nothing to either party. With regard to the equipment, the court ordered the parties to divide it evenly.

[10] The evidence here is murky at best. Neither party provided the court with an accounting, legitimate spreadsheets, income statements, or balance sheets indicating what was paid by whom to whom for what. In support of his claim for reimbursement for lost revenue as a result of being unable to use the equipment stored on Ralston's property, McCarthy testified that he/Hoboken Eddie's bought much of the equipment in reliance on Ralston's purchase and renovation of the building in Hanover. Tr. pp. 107-08. However, no evidence was presented as to the amount of lost revenue. Further, to support his claim of reimbursement for the value of the demolished 2015 pepper crop, McCarthy testified that Hoboken Eddie's paid $3,012 for the pepper plants in 2015. *Id.* at 99; *see also* Plaintiff's Ex. 8. But again, no evidence was presented to substantiate his claim for lost profits from sauce due to the destroyed pepper crop. Finally, McCarthy requested that all equipment be turned over to him and testified that he paid for all of it. Tr. pp. 92, 104, 105, 135.

[11]     In response to McCarthy's claims, Ralston testified that there was never a time that Hoboken Eddie's was not able to produce sauce because they always used the space in the Venture Out Business Center. *Id.* at 166. As borne out by the parties' testimony, the sole issue McCarthy and Ralston agree on is that Hoboken Eddie's purchased pepper plants in 2015 for $3,000, and Ralston destroyed them. *Id.* at pp. 32-33.

[12]     Although in his counterclaim Ralston sought reimbursement for eleven years of pepper purchases in the amount of $20,000, his testimony at trial evidenced only seven or eight years of purchases at $1,000 per year. *Id.* at 7, 168. In addition, in support of his counterclaim for sales earnings, Ralston testified that he made a sale of sauces to a client for which he was owed commission of $4,500. *Id.* at 27-28. He also testified vaguely and, like McCarthy, without documentary evidence, to amounts he claims he is owed for labor costs he paid as well as labor he performed himself. Further, Ralston explained that, as a direct result of him providing all of his labor free of charge and receiving only partial reimbursement for payments to the labor force over the years, McCarthy had money available to purchase equipment; therefore, Ralston believes he is entitled to the value of certain equipment as reimbursement. *Id.* at 22, 23-24, 26-27, 152. Finally, in support of his claim for $30,000 for the purchase and renovation of the building in Hanover, Ralston testified that he would not have purchased the building if not for McCarthy's promise to rent it out for sauce production. *Id.* at 19, 20, 193.

[13] To refute Ralston's counterclaims, McCarthy testified that Ralston was paid for the peppers and for his work. *Id.* at 84, 85, 101, 102, 119, 120. In addition, McCarthy testified that he never received money from the sale of sauces on which Ralston claims he is owed commission; rather, McCarthy claims that Ralston sold $25,000 worth of sauces and kept the money. *Id.* at 102, 103, 146.

# Conclusion

[14] In light of the confusing and at times limited evidence presented in this case, we cannot say the trial court clearly erred in concluding that the parties owed one another nothing and should split the equipment 50/50. In other words, McCarthy has not shown that the evidence points unerringly to a conclusion opposite that reached by the trial court.

[15] Judgment affirmed.

Bailey, J., and Mathias, J., concur.